**In the Interest of J.O.A., T.J.A.M., T.J.M., and C.T.M., Children.**

**No. 07–07–0042–CV.**

Court of Appeals of Texas, Amarillo, Panel A.

June 23, 2009.

Dale A. Rabe Jr., Bird, Bird & Rabe, Childress, Attorney Ad Litem.

Franklin McDonough, Asst. District Atty., Pampa, TX, for Appellant.

Duke Hooten, Trevor A. Woodruff, Texas Dept. of Family and Protective Services, Austin, TX, for Appellee.

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

### ON REMAND FROM THE SUPREME COURT OF TEXAS

PATRICK A. PIRTLE, Justice.

By our opinion dated February 25, 2008,[1] we held, in part, that the evidence supporting the termination of Timothy's parental rights to T.J.M. and C.T.M. was

---

1. *See In re J.O.A.,* 262 S.W.3d 7 (Tex.App.-Amarillo 2008, *aff'd as modified and remand-* ed, 283 S.W.3d 336, (Tex.2009)) for the factual background and designation of parties.

both legally and factually insufficient. 262 S.W.3d at 24. Accordingly, we concluded that judgment should be rendered against the Department on the issue of termination of Timothy's parental rights as to T.J.M. and C.T.M., and remanded for purposes of determining Timothy's rights, privileges and duties with respect to those children.

Without disturbing our finding of factual insufficiency, the Texas Supreme Court has concluded that our finding of legal insufficiency was in error. *In re J.O.A.*, 283 S.W.3d 336, 345–46 (Tex.2009). Because a remand is the appropriate judgment when evidence is found to have been legally sufficient, but factually insufficient, we withdraw that portion of our prior opinion pertaining to legal insufficiency and withdraw our judgment of February 25, 2008, and issue judgment this date in lieu thereof. Accordingly, this cause is remanded to the trial court for further proceedings on the issue of Timothy's parental rights. In all other respects, our prior opinion remains unchanged.